Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued  May  12,  2003      Decided  August  15,  2003

No. 02-7040

OYIN AKINSEYE, *ET AL.*,
APPELLANTS

v.

DISTRICT OF COLUMBIA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 01cv01769)

*Robert I. Berlow* argued the cause for the appellants. *Arthur H. Fawcett, Jr.* and *Myrna Lee Fawcett* were on brief.

*Donna M. Murasky*, Assistant Corporation Counsel, District of Columbia, argued the cause for the appellee. *Charles L. Reischel*, Deputy Corporation Counsel, at the time the brief was filed, was on brief.

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Eileen L. Ordover* was on brief for *amici curiae* Senators Edward M. Kennedy *et al.* in support of the appellants.

*Carl W. Hampe* was on the brief for *amici curiae* Council of Parent Attorneys and Advocates *et al.* in support of the appellants.

Before: HENDERSON, RANDOLPH and GARLAND, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* HENDERSON.

Dissenting opinion filed by *Circuit Judge* GARLAND.

KAREN LeCRAFT HENDERSON, *Circuit Judge*: The appellants, minor children and the parents, guardians and court-appointed advocates of minor children, challenge the district court's order dismissing their complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The appellants had initiated administrative proceedings under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.,* to compel the District of Columbia (District) to provide special education services to the disabled minor children in this action. The District settled with each of the appellants and voluntarily agreed to pay attorney's fees which, the appellants contend, were paid late. They filed this action to recover interest on the late-paid fees. The district court granted the District's motion to dismiss on the ground that under the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598 (2001), parties who settle their claims at the administrative level are not "prevailing parties" entitled to attorney's fees under the IDEA. *Akinseye v. District of Columbia*, 193 F. Supp. 2d 134 (2002).

* * *

We do not reach the question of whether one may recover attorney's fees as a "prevailing party" under the IDEA if the matter is settled at the administrative stage because we conclude that the district court lacked subject-matter jurisdiction to hear the case. Although the District has not raised

lack of jurisdiction in these proceedings, we may raise the question of subject-matter jurisdiction *sua sponte*. *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). Moreover, because subject-matter jurisdiction is "an Art. III as well as a statutory requirement ... no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

The only asserted basis for subject-matter jurisdiction is section 1415(i)(3)(B) of the IDEA, which provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Yet in their complaint the appellants did not seek the recovery of attorney's fees under the IDEA, but rather the recovery of some $17,000 in interest for the delayed payment of such fees. In other words, they sought reimbursement for the loss of the use of their money during the period between the date they requested payment of their attorney's fees and the date they actually received payment from the District. The district court believed that the right to interest, if any, flowed from the right to attorney's fees under the IDEA; upon determining that the appellants were not "prevailing parties" under the IDEA, and thus not entitled to attorney's fees, the district court concluded that the appellants were *ipso facto* not entitled to interest. *See Akinseye*, 193 F. Supp. 2d at 136. While the latter approach is unquestionably correct, the former is not.

Unlike *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993), the case on which the appellents chiefly rely, the question of "reasonable attorneys' fees" recoverable under the IDEA is not before us. The District's decision to pay attorney's fees voluntarily—and the appellants' decisions to accept these payments—rendered the question of statutory entitlement moot. And neither the IDEA nor any other federal statute cited to us, or of which we are aware, affords the appellants an independent cause of action to recover

interest on attorney's fees paid voluntarily but late.\*   Accordingly, there is no federal question before us.

The appellants' claim resembles instead a claim for postjudgment interest.  Of course, there are no *judgments* to speak of here because (1) the parties settled the IDEA claims and (2) the District subsequently paid attorney's fees voluntarily.  But *had* the district court entered a judgment awarding "reasonable attorneys' fees" under the IDEA, and had the District subsequently delayed in paying those fees, the appellants would not have had a claim under the IDEA but rather under 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." *See, e.g., Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 485 (6th Cir. 2001) (concluding that phrase "any money judgment" in § 1961(a) includes judgment awarding attorney's fees & collecting similar circuit court decisions).  Unable to state a claim under 28 U.S.C. § 1961(a) for lack of a "money judgment," the appellants' only recourse for the District's delay in payment lies, if at all, under District of Columbia law.

\* \* \*

For the reasons stated, the decision of the district court is reversed and the case is remanded with the instruction to dismiss the complaint for lack of subject-matter jurisdiction.

*It is so ordered.*

---

\* Our dissenting colleague cites cases that are not on point—they involve setting the *initial* fee award, including an amount, if any, to account for delay.  *See* Dissent at 1 (citing *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989); *Copeland v. Marshall*, 641 F.2d 880, 892–93 (D.C. Cir. 1980) (*en banc*)).  No such claim is made here.

1

GARLAND, *Circuit Judge*, *dissenting*: The district court denied the plaintiffs' claim to interest for late payment of attorney's fees on the ground that the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, gave them no right to such fees in the first place. That issue — whether the plaintiffs had an underlying right to fees — was the only issue briefed to this court.

My colleagues have instead presented a case for the proposition that, even if the plaintiffs were entitled to attorney's fees, they do not have a claim for interest under the IDEA. But there is also a case to be made for the opposite proposition, that the IDEA itself provides a federal cause of action for such interest as "part of the costs" of the litigation, 20 U.S.C. § 1415(i)(3)(B). *Cf. Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) (holding that "[a]n adjustment for delay in payment is . . . an appropriate factor in the determination of what constitutes a reasonable attorney's fee under" 42 U.S.C. § 1988); *Copeland v. Marshall*, 641 F.2d 880, 892–93 (D.C. Cir. 1980) (en banc) (holding that "in Title VII and similar fee-setting cases," a court may grant an "adjustment to reflect the delay in receipt of payment" because such delay "deprives the eventual recipient of the value of the use of the money in the meantime"). Just how strong the plaintiffs' claim for interest might be is hard to assess, since neither side has submitted briefs on the question. "Dismissal for lack of subject-matter jurisdiction," however, "is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions . . ., or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted); *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Whether or not the plaintiffs' claim would ultimately prevail, it certainly does not fall into any of those categories.

Because the question of the validity of the plaintiffs' claim to interest therefore goes to the merits of the dispute and not to our subject-matter jurisdiction, I would follow our usual practice and decline to dispose of this appeal on a ground "not raised in the parties' briefs." *Time Warner Entm't Co. v.*

*FCC*, 93 F.3d 957, 964 (D.C. Cir. 1996); *see Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). Accordingly, I respectfully dissent.