**Darlene HOLBROOK, et al., Plaintiffs,**

**v.**

**DISTRICT OF COLUMBIA, Defendant.**

**No. CIV.A. 03–640(GK).**

United States District Court,
District of Columbia.

Feb. 5, 2004.

Elizabeth T. Jester, James E. Williams, Jester & Willams, Washington, DC, for Plaintiffs.

Edward P. Taptich, Corporation Counsel's Office for DC, Veronica A. Porter, Office of Corporation Counsel for the District of Columbia, Washington, DC, for Defendant.

### MEMORANDUM OPINION

KESSLER, District Judge.

Plaintiffs, minor children and the parents, guardians, and court-appointed advocates of minor children,[1] seek to collect attorney's fees and other costs incurred in bringing successful administrative actions under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*. Defendant is the Government of the District of Columbia. This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiffs' Motion for Summary Judgment is **granted**.

## I. BACKGROUND

### A. The Governing Law

IDEA guarantees "all children with disabilities" "a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). As a condition of receiving funds under the Act, IDEA requires school districts to adopt procedures to ensure appropriate educational placement of disabled students. *See* 20 U.S.C. § 1413. In addition, school districts must develop comprehensive plans for meeting the special educational needs of disabled students. *See* 20 U.S.C. § 1414(d)(2)(A). These plans are known as "individualized education programs," or IEPs, and must include "a statement of the child's present levels of educational performance, ... a statement of measurable annual goals, [and] a statement of the special education and related services ... to be provided to the child...." 20 U.S.C. § 1414(d)(1)(A).

IDEA also guarantees parents of disabled children an opportunity to participate in the identification, evaluation, and placement process. *See* 20 U.S.C. §§ 1414(f), 1415(b)(1). Parents who object to their child's "identification, evaluation, or educational placement" are entitled to an "impartial due process hearing," 20 U.S.C. §§ 1415(b)(6), (f)(1), at which they have a "right to be accompanied and advised by counsel." 20 U.S.C. § 1415(h)(1). Parents "aggrieved by" a hearing officer's findings and decision may bring a civil

---

**1.** Plaintiffs are Darlene Holbrook, as next friend of the minor child Jayvon Williams; Sherrille Edwards, as next friend of the minor child Andrew Edwards; Andrew Edwards, individually; Raeshonda Folson, as next friend of the minor child Gregory Folson; Gregory Folson, individually; Lisa Miller, as next friend of the minor child Shawn Miller; Shawn Miller, individually; Talitha Nalle, as next friend of the minor child Shealee Nalle; Shealee Nalle, individually; LaShawn Warren, as next friend of the minor child Wahykayl Warren; Wahykayl Warren, individually; Michelle Davis, as next friend of the minor child Shauntai Wynn; and Shauntai Wynn, individually.

action in either state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2).

## B. The Instant Litigation

The case underlying the instant fee litigation was brought by minor children and the parents, guardians, and court-appointed advocates of minor children who claimed that the District of Columbia Public Schools ("DCPS") had failed to provide the children with appropriate special education and related services in violation of IDEA. Each Plaintiff, by virtue of a separate IDEA administrative due process hearing, was found to be entitled to special education and related services.

After winning on the merits of their cases, Plaintiffs filed this action for attorney's fees and other costs under § 1415(i)(3)(B) of the IDEA. This statute gives courts the authority to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). *See Moore v. District of Columbia*, 907 F.2d 165 (D.C.Cir.1990) (en banc) (holding that IDEA authorizes a par-

ent who prevails in an IDEA administrative hearing to recover attorney's fees). Defendants concede that Plaintiffs are "prevailing parties" for the purposes of § 1415(i)(3)(B) and as such are entitled to an award of "reasonable attorneys' fees" under the statute.

Between November 22, 2002 and January 31, 2003, Plaintiffs' counsel, Elizabeth T. Jester, timely submitted to the DCPS nine invoices for attorney's fees and other costs incurred in bringing successful IDEA administrative actions on behalf of each Plaintiff. DCPS reviewed the invoices and "identified specific items for non-payment that it did not deem reasonable." Def.'s Opp'n, at 3.[2] *See id.*, Attach. B ("Disputed Items List"). In accordance with this Disputed Items List, DCPS either reduced or denied altogether the amount requested.

The following chart summarizes (1) the invoices for attorney's fees and other costs submitted by Plaintiffs' counsel on behalf of each Plaintiff; (2) any payment made by DCPS; and (3) the amount Plaintiffs claim is still "outstanding."

| Plaintiff | Plaintiffs' Invoice | DCPS Payment | Difference |
|---|---|---|---|
| Jayvon William | $ 4,451.90 | $ 2,547.00 | $1,904.90 |
| Andrew Edwards | $11,791.81 | $10,306.00 | $1,485.81 |
| Gregory Folson | $ 4,501.06 | $ 2,911.00 | $1,590.06 |
| Shawn Miller | $ 5,887.07 | $0 | $5,887.07 |
| Shealee Nalle | $10,001.01 | $ 7,038.00 | $2,963.07 |
| Wahykayl Warren | $ 7,590.52 | $ 3,344.00 | $4,246.52 |
| Shauntai Wynn | $10,676.62 | $ 7,103.00 | $3,573.62 |

*See* Pls.' Statement of Facts, at 2–6.

On March 10, 2003, Plaintiffs filed the instant action claiming that DCPS improperly reduced or denied their requests for

attorney's fees and other costs. Plaintiffs seek to collect (1) $21,651.05 in "outstanding" attorney's fees and other costs incurred in bringing successful IDEA ad-

---

**2.** DCPS deemed a specific task unreasonable if (1) the task is "non-professional in nature (i.e., [a task] able to be performed by administrative personnel rather than attorneys);" (2) "Plaintiffs spent an unreasonable and exces-

sive amount of time" on the task; or (3) DCPS considered the task to be "part of the normal cost of doing business." *See* Def.'s Opp'n, at 3.

ministrative actions[3]; (2) pre- and post-judgment interest on each award; and (3) attorney's fees and other costs incurred by virtue of the instant fee litigation.

## II. ANALYSIS

■ Generally, a "reasonable" attorney's fee is based on the reasonable number of hours expended multiplied by a reasonable hourly rate. *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319 (D.C.Cir.1982); *Cobell v. Norton*, 231 F.Supp.2d 295, 300 (D.D.C.2002); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 42 (D.D.C.1999) (citing to *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

Defendant concedes that the hourly rates Plaintiffs seek, i.e., an hourly attorney rate of $280 and an hourly paralegal rate of $90, are reasonable. *See* Def.'s Opp'n, at 3. Defendant challenges only the number of hours expended on particular tasks and Plaintiffs' claim for other costs.

### A. The Hours Expended on Particular Tasks Are Reasonable

■ Defendant charges that the number of hours Plaintiffs' counsel expended on particular tasks was "excessive and duplicative." Def.'s Opp'n, at 7. Specifically, DCPS objected to the 3.4 hours Plaintiffs' counsel spent preparing Plaintiff Gregory Folson's hearing disclosure, and the 10.1 hours she spent preparing for Plaintiff Shealle Nalle's IDEA administrative hearing, as "excessive" and reduced the time to 2 hours and 6 hours, respectively. *See* Def.'s Opp'n, at 5. DCPS also reduced by half the 8.7 hours that Plaintiffs' counsel spent preparing nine invoices, claiming that it was "overkill." *See id.* at 7. DCPS

also objected to the 3 hours Plaintiffs' counsel spent preparing three referral packages for Plaintiff Shauntai Wynn, and reduced the time to .25 hours for each package. *See id.* at 6. Defendant claims that this reduction is reasonable because "the task should not have taken an hour to complete each time." *Id.*

■ Plaintiffs have the burden of demonstrating that the number of hours expended on particular tasks was reasonable. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1337 (Tamm, J., concurring); *Cobell*, 231 F.Supp.2d at 305. This burden is satisfied by submitting an invoice that is sufficiently detailed to "permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. To be sufficient, the invoice "need not present the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* (*quoting Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir. 1980)). The touchstone inquiry is whether the time expended on particular tasks was reasonable. *See Copeland*, 641 F.2d at 891. Parties cannot be reimbursed for nonproductive time or duplicative activities. *Id.*

Plaintiffs have demonstrated that the number of hours expended on particular tasks was reasonable. Plaintiffs' counsel submitted time records that show the specific tasks she performed, the hours she expended on each task (calculated in tenth-hour segments), and the date each task was performed. She also submitted a detailed affidavit explaining the hours claimed for each task identified by DCPS

---

**3.** Specifically, Plaintiff Jayvon Williams seeks $1,904.90; Plaintiff Andrew Edwards seeks $1,485.81; Plaintiff Gregory Folson seeks $1,590.06; Plaintiff Shawn Miller seeks $5,887.07; Plaintiff Shealee Nalle seeks $2,963.07; Plaintiff Wahykayl Warren seeks $4,246.52; and Plaintiff Shauntai Wynn seeks $3,573.62.

as unreasonable in its Disputed Items List. *See* Jester Aff. .

In addition, Defendant's criticisms are of the "nit-picking" variety which this Circuit has warned against. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1337–38 (Tamm, J., concurring) ("Neither broadly based, ill-aimed attacks, nor nit-picking claims by the Government should be countenanced."). Moreover, Defendant's objections are simply conclusory assertions regarding the amount of time that Defendant thinks Plaintiffs' counsel "should have spent" on certain documents and litigation tasks. "It is neither practical nor desirable to expect the trial court judge to [review] each paper ... to decide, for example, whether a particular motion could have been done in 9.6 hours instead of 14.3 hours." *Copeland*, 641 F.2d at 903. Accordingly, the Court is satisfied that the hours expended on particular tasks are reasonable.

### B. The Costs Claimed Are Justified

█ DCPS has denied most of Plaintiffs' claims for other costs (e.g., copying, faxing, and postage), on the basis that those costs are "part of the normal cost of doing business" and thus properly included in Plaintiffs' counsel's determination of her hourly rate for services. An attorney, however, is entitled to "all expenses associated with the litigation that [she] would normally expect to pass on to fee paying clients," provided such costs are reasonably incurred and reasonable in amount. *McKenzie v. Kennickell*, 645 F.Supp. 437, 452 (D.D.C.1986) (citing to *Laffey v. Northwest Airlines*, 572 F.Supp. 354, 385 (D.D.C.1983), *aff'd in pertinent part*, 746 F.2d 4 (D.C.Cir.1984)).

█ The costs Plaintiffs claimed, e.g., copying, faxing, and postage, are traditionally considered part of a reasonable attorney's fee. *See Bailey v. District of Colum-*bia, 839 F.Supp. 888, 892 (D.D.C.1993) (concluding that "Congress has authorized all of these costs [photocopying, travel, long distance telephone, and postage expenditures] to be shifted to defendants as elements of a 'reasonable attorney's fee' under [IDEA] § 1415[ (i)(3)(B) ]"); *Sexcius v. District of Columbia*, 839 F.Supp. 919, 927 (D.D.C.1993) (concluding that "photocopying, postage, long distance telephone, messenger, and transportation and costs are customarily included in a reasonable 'attorney's fee' "). Moreover, Defendant does not challenge these costs as unreasonable (and they appear modest and reasonable on their face). Accordingly, the Court is satisfied that the costs claimed are justified.

### C. Plaintiffs Are Entitled to Pre- and Post–Judgment Interest on Each Award

█ Plaintiffs seek pre- and post-judgment interest on each award. " '[W]hether pre-judgment interest is to be awarded is subject to the discretion of the court and equitable considerations.' " *Oldham v. Korean Air Lines Co., Ltd.*, 127 F.3d 43, 54 (D.C.Cir.1997) (citing *Motion Picture Ass'n of Amer., Inc. v. Oman*, 969 F.2d 1154, 1157 (D.C.Cir.1992)). The purpose of such awards is to compensate the plaintiff for any delay in payment resulting from the litigation. *See id.* (citing *Motion Picture Ass'n of Amer., Inc.*, 969 F.2d at 1157 ("interest compensates for the time value of money and thus is often necessary for full compensation")). Our Circuit has held that "the prime rate, i.e., the rate that banks charge for short-term unsecured loans to credit-worthy customers, is an appropriate measure of pre-judgment interest." *Oldham*, 127 F.3d at 54.

█ The Court concludes that Plaintiffs are entitled to pre-judgment interest on each award for several reasons.

First, Defendants' arguments in the instant fee litigation border on the frivolous.[4]

4. The following examples taken from the unrebutted affidavit of Elizabeth T. Jester, Plaintiffs' counsel, are illustrative:

(1) On 10/22/02, Jester billed 1.6 hours for an initial meeting with Plaintiff Jayvon Williams; Defendant allowed 0 hours, citing "excessive time billed." Jester explained,

This meeting is the initial meeting during which the client is interviewed and the case is evaluated to ascertain the facts. A determination is then made as to whether the case is accepted, more information is needed, etc. Regarding this plaintiff, after explaining options, the determination was made to proceed. A retainer agreement, records release authorizations, etc., were procured. It would be inappropriate, not to mention a breach of the standard of care, to proceed with a case and file a request for a hearing without meeting with the client and ascertaining the facts.

Jester Aff., at 1–2.

(2) On 12/10/02, Jester billed 0.8 hours to prepare for Plaintiff Jayvon Williams' hearing; Defendant allowed 0 hours, citing "non-professional work." Jester explained, "If preparing for a hearing is not professional work, it is unclear what is. Moreover, Plaintiff prevailed at the hearing while spending only 0.8 hours preparing for the hearing." Jester Aff., at 3.

(3) On 12/10/02, Jester billed 2.2 hours to attend a hearing for Plaintiff Jayvon Williams; Defendant allowed 0.2 hours, citing "excessive time billed." Jester explained, "It would be impossible to conduct an administrative due process hearing in 12 minutes. Defendant is arbitrarily assigning this amount of time to this entry. Plaintiff's hearing was scheduled for 3:00 p.m. but started very late due to the late arrival of the DCPS attorney." Jester Aff., at 3.

(4) On 10/25/02, Jester billed 2.4 hours to attend a hearing for Plaintiff Andrew Edwards; Defendant allowed 1 hour, citing "excessive time billed." Jester explained, "The hearing started very late due to the late arrival of the DCPS attorney." Jester Aff., at 4.

(5) On 11/06/02, Jester billed 3.5 hours to attend a hearing for Plaintiff Andrew Edwards; Defendant allowed 1.5 hours, citing "excessive time billed." Jester explained, "The hearing started late due to the late arrival of the DCPS attorney." Jester Aff., at 4.

Second, Defendants' stonewalling has caused Plaintiffs' counsel to wait in excess

(6) Jester billed 10.9 hours over the course of 8 days to prepare for Plaintiff Shaelee Nalle's hearing; Defendant allowed 6.5 hours, citing "excessive time billed." Jester explained,

This was a complicated hearing involving 8 witnesses potentially to be called by Plaintiff and 7 witnesses listed by Defendant. Plaintiff's exhibits were in excess of 167 pages and Defendant's were in excess of 80. After Defendant had virtually completed presentation of their case, Defendant asked for a recess and offered to settle. The settlement provided for, *inter alia*, a permanent placement of Shaelee at the private school sought by her parent. Preparation for this hearing was extensive but unavoidable. Based largely on the fact that Plaintiff's case was so well prepared, Defendant folded mid-hearing.

Jester Aff., at 11.

(7) Jester billed 3.2 hours over the course of 8 months to prepare 3 referral packets for Plaintiff Shauntai Wynn; Defendant allowed 0.75 hours, citing "excessive time billed" and "internal consultation." Jester explained,

In their Opposition, the defendant asserted that Shauntai's counsel billed one hour on three separate occasions for the purpose of preparing referral packages and applications to three schools. However, these tasks were each performed by a paralegal and billed at the paralegal rate. And, ... [t]his was not a matter of preparing one referral package and application with a copy to three different schools. Each was unique and tailored to the individual school at the time it was submitted.

Jester Aff., at 16–17.

(8) On 11/01/02, Jester billed 3.5 hours to attend the hearing for Plaintiff Shauntai Wynn; Defendant allowed 2.5 hours, citing "excessive time billed." Jester explained,

The hearing in this matter was held on two days: 11/1 and 11/7. Undersigned counsel's preparation was so thorough and accurate that on the second day of hearing DCPS appeared and withdrew the testimony of their main witness from the 11/1 hearing due to the fact that Plaintiff proved it had been fabricated. The transcript of this first day of hearing was 152 pages. The actual time spent was 3.5 and it is reasonable for this activity.

Jester Aff., at 19.

of two years to be paid for her services.[5]

Third, unreasonable penny-pinching scrutiny, such as Defendant has engaged in here produces serious chilling effects on the availability of competent, experienced attorneys to serve this clientele. This is extremely problematic for a number of reasons, not the least of which is that IDEA practice is highly specialized—an attorney who does IDEA work must understand the intricacies and the realities of the practice in order to obtain effective relief for his or her client in terms of an appropriate, individualized, educational placement.

Fourth, and finally, IDEA lawyers are, in the vast majority of cases, small-firm or solo practitioners who have dedicated their professional lives to advancing the interests of disabled children, often at well-below-market rates. Certainly the District of Columbia should not discourage lawyers who do such important work by failing to pay them for their services in a timely fashion. For these reasons, the Court concludes that Plaintiffs are entitled to pre-judgment interest on each award.

■ 28 U.S.C. § 1961(a), the federal statute governing the award of post-judgment interest, provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment...." The phrase "any money judgment" in § 1961(a) includes a judgment awarding attorney's fees and other costs. *See Akinseye v. District of Columbia*, 339 F.3d 970, 972 (D.C.Cir.2003). Accordingly, Plaintiffs are entitled to post-judgment interest calculated at the statutory rate on each award under 28 U.S.C. § 1961(a).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is **granted**.

An Order will issue with this opinion.

### *ORDER*

Plaintiffs, minor children and the parents, guardians, and court-appointed advocates of minor children,[1] seek to collect attorney's fees and other costs incurred in bringing successful administrative actions under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*. Defendant is the Government of the District of Columbia. This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment [# 8] is **granted**; and it is further

**ORDERED** that Defendant shall, within **30 days** from the date of this Order, pay to Plaintiffs the following attorney's fees and other costs incurred in bringing successful

---

5. The Court is painfully aware of the District of Columbia's penchant for failing to make timely payments for legal services.

1. Plaintiffs are Darlene Holbrook, as next friend of the minor child Jayvon Williams; Sherrille Edwards, as next friend of the minor child Andrew Edwards; Andrew Edwards, individually; Raeshonda Folson, as next friend of the minor child Gregory Folson; Gregory Folson, individually; Lisa Miller, as next friend of the minor child Shawn Miller; Shawn Miller, individually; Talitha Nalle, as next friend of the minor child Shealee Nalle; Shealee Nalle, individually; LaShawn Warren, as next friend of the minor child Wahykayl Warren; Wahykayl Warren, individually; Michelle Davis, as next friend of the minor child Shauntai Wynn; and Shauntai Wynn, individually.

49

IDEA administrative actions: $1,904.90 to Plaintiff Jayvon Williams; $1,485.81 to Plaintiff Andrew Edwards; $1,590.06 to Plaintiff Gregory Folson; $5,887.07 to Plaintiff Shawn Miller; $2,963.07 to Plaintiff Shealee Nalle; $4,246.52 to Plaintiff Wahykayl Warren; and $3,573.62 to Plaintiff Shauntai Wynn; and it is further

**ORDERED** that Plaintiffs are awarded pre-judgment interest calculated at the prime-rate on each award; it is further

**ORDERED** that Plaintiffs are awarded post-judgment interest calculated at the statutory rate for any balances due and owing **31 days** from the date of this Order; and it is further

**ORDERED** that Plaintiffs are awarded attorneys' fees and other costs incurred by virtue of the instant fee litigation;[2] and it is further

**ORDERED** that Plaintiffs shall, within **20 days** from the date of this Order, submit to the Court a detailed request for all attorney's fees and other costs incurred by virtue of the instant fee litigation.

---

**2.** Reasonable attorney's fees and costs incurred litigating a fee petition are compensable. *See Sierra Club v. E.P.A.,* 769 F.2d 796, 811 (D.C.Cir.1985); *Environmental Def. Fund v. E.P.A.,* 672 F.2d 42, 62 (D.C.Cir.1982).