# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BINU KURIEN GEORGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 09-1519 (RMC)** |
| | ) | |
| **JANET NAPOLITANO, Secretary,** | ) | |
| **Department of Homeland Security, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Binu Kurien George is an alien who complains that the Department of Homeland Security, through its constituent agency, the U.S. Citizenship and Immigration Service ("USCIS"),[1] improperly denied his I-485 Application to Adjust Status to Permanent Resident ("I-485 Application"). In essence, Mr. George alleges that USCIS acted arbitrarily and contrary to law by denying his I-485 Application, a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. *See id*. § 706(2)(A) (allowing reversal of agency action that is arbitrary or capricious). USCIS moves to dismiss. Because Mr. George lacked prior approval of an I-140 Petition for a work visa, the USCIS was compelled to deny his I-485 Application. USCIS's motion to dismiss will be granted.

---

[1] Defendants include Janet Napolitano, Secretary of the Department of Homeland Security; Michael Aytes, Acting Deputy Director of USCIS; and David Roark, Director of USCIS's Texas Service Center. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Alejandro Mayorkas, Director of USCIS, is substituted for his predecessor, Michael Aytes. Defendants are collectively referred to as "USCIS" in this Opinion.

## I. FACTS

An alien cannot work in the United States without the appropriate authority from USCIS to do so. One way for an alien to receive permission to work is for an employer to file an I-140 Petition for Alien Worker pursuant to the Immigration and Nationality Act ("INA"), describing the special training or talent of a specific alien and the paucity of available similar workers in the United States. *See* 8 U.S.C. §§ 1153(b)(2) & 1154(a)(1)(F); 8 C.F.R. § 204.5. Upon approval of an I-140 Petition, the named alien receives a visa which allows him to work for the named employer. An alien with an I-140 visa can then petition for adjustment of his status to that of permanent resident, through a Form I-485 Application to Adjust to Permanent Resident Status. *See* 8 U.S.C. § 1255.

Mr. George is a citizen of India who lives in Grapevine, Texas. On August 3, 2007, Intuit, Inc., filed an I-140 Petition on behalf of Mr. George. Compl. [Dkt. # 1], Ex. H. On the same date, Mr. George filed an I-485 Application, seeking permanent residency status. *Id*., Ex. I. Later, Mr. George left Intuit and began working for Renaissance Electronics Corporation. *Id*. ¶ 46. At that time, the I-140 Petition and the I-485 Application had not been adjudicated. *Id*. ¶ 45. On July 16, 2008, Intuit withdrew the I-140 petition.[2] *See id*., Ex. K. Because an approved I-140 Petition is a necessary prerequisite to an I-485 Application, USCIS denied Mr. George's I-485 Application. *Id*. USCIS stated, "In the absence of an approved immigrant visa petition, you are ineligible to adjust status; therefore the Application to Register Permanent Residence or Adjust Status is hereby denied." *Id*.

---

[2] The record does not indicate the precise date that Mr. George left Intuit, but apparently it was before July 16, 2008 when Intuit withdrew its I-140 Petition.

Mr. George filed a motion to reconsider, but USCIS denied the motion. *Id.*, Ex. M. Mr. George then asked that USCIS reopen the I-485 Application, in light of his job offer from Renaissance. *Id.*, Ex. N. Mr. George argued that an I-485 Application requires only a "valid" I-140 Petition, but that it did not require an *approved* I-140. *Id.*, Ex. O. USCIS disagreed and denied the reopened I-485 Application. *Id.*

Mr. George then filed this suit challenging USCIS's "refusal to adjudicate" Intuit's I-140 Petition, *see* Compl. ¶ 65, and USCIS's denial of his I-485 Application. USCIS moves to dismiss the claims regarding Intuit's I-140 Petition for lack of jurisdiction and the claims regarding Mr. George's I-485 Application for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1) & (6).

## II. LEGAL STANDARDS

### A. Lack of Jurisdiction and Standing Requirement

Lack of standing is a defect in subject matter jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). A plaintiff's standing under Article III of the United States Constitution must be determined first in order to establish the jurisdiction of the Court to hear the case and reach the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998); *Grand Council of the Crees v. FERC*, 198 F.3d 950, 954 (D.C. Cir. 2000). "Standing focuses on the complaining party to determine 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Am. Legal Found. v. FCC*, 808 F.2d 84, 88 (D.C. Cir. 1987) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "[T]he decision to seek review must be placed in the hands of those who have a direct stake in the outcome, not in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests." *Id.* at 91 (internal quotation marks omitted) (quoting *Diamond v. Charles*, 476 U.S. 54, 61 (1986)).

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### B. Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555. But a court need not accept as true legal conclusions set forth in a complaint.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

#### A. Claims Regarding the I-140 Petition

To have Article III standing, a plaintiff must establish: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998).

In an action seeking review of denial of an I-140 Petition, the prospective employer, and not the alien, is the proper party. *Blacher v. Ridge*, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006). An employer "is the party that petitioned for the visa, so it, and not [p]laintiff is considered the proper party having a personal stake in the outcome sufficient to warrant . . . invocation of federal court jurisdiction." *Ibraimi v. Chertoff*, Civ. No. 07-3644, 2008 WL 3821678, *3 (D.N.J. Aug. 12, 2008). Because Mr. George lacks standing to challenge any action by USCIS regarding Intuit's I-140 Petition, the claims regarding the I-140 Petition will be dismissed.

**B. Claims Regarding the I-485 Application for Adjustment of Status**

Mr. George also has failed to state a claim that USCIS acted arbitrarily and capriciously in denying his I-485 Application. USCIS denied Mr. George's I-485 Application as a matter of law because he was not the beneficiary of any approved I-140 Petition.[3]

Mr. George argues that the denial of his I-485 Application was contrary to 8 U.S.C. § 1154(j), the "Portability Provision." That section allows an alien whose Form I-485 Application has been pending for 180 days or more and who leaves the job on which the approved I-140 petition was based, to continue to pursue adjusted status as long as he has another job in the same or similar occupational category. *See* 8 U.S.C. § 1154(j). "If the Form I-140 ("immigrant petition") has been approved and the Form I-485 ("adjustment application") has been filed and remained unadjudicated for 180 days or more . . . , the *approved* Form I-140 will remain valid even if the alien changes jobs or employers as long as the new offer of employment is in the same or similar occupation." Defs.' Mot. to Dismiss [Dkt. # 11], Ex. 1 (USCIS memo dated Aug. 4, 2003) at 2 (emphasis added). The purpose of § 1154(j) is to give an alien with an approved I-140 the flexibility to change jobs if USCIS takes more than 180 days to process the application for adjusted status. *See Mawalla v. Chertoff*, 468 F. Supp. 2d 177, 182 (D.D.C. 2007).

Having left his position with Intuit, Mr. George seeks to take advantage of the

---

[3] USCIS argues that the Court lacks jurisdiction to review the decision to deny the I-485 Application under the jurisdiction stripping provisions of the INA. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Federal courts of appeal have consistently held that § 1252(a)(2)(B) "does not strip courts of jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for" adjustment of status under § 1255. *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005); *see also, e.g.*, *Succar v. Ashcroft*, 394 F.3d 8, 19 (1st Cir. 2005); *Iddir v. INS*, 301 F.3d 492, 497 (7th Cir. 2002). Because USCIS denied Mr. George's I-485 Application because he was ineligible for adjustment of status, and not based on an exercise of discretion, this Court has jurisdiction.

Portability Provision to achieve permanent residency status. However, the Portability Provision requires an *approved* I-140, not simply a pending I-140 Petition. Because Mr. George did not have a previously approved I-140 Petition, there was no valid predicate I-140 Petition upon which USCIS could grant Mr. George's I-485 Application for Adjustment of Status. *See* 8 U.S.C. § 1255. USCIS's denial of Mr. George's I-485 Application was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as Mr. George did not have the approved I-140 Petition that was required for the processing of a I-485 Application.[4]

Mr. George also seeks mandamus, asking that the Court compel USCIS to apply the Portability Provision and grant his I-485 Application. *See* Compl. ¶¶ 83-87. Mandamus relief may be granted only where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reim. Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (citing *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). Mr. George has not stated a claim for mandamus as he has not shown a clear right to relief. The mandamus claim will be dismissed.

Finally, Mr. George attempts to allege an equal protection claim arising from the denial of his I-485 Application.[5] He claims that, via the Portability Provision, the USCIS has improperly created two classes of immigrants with I-485 Applications pending 180 days or longer:

___

[4] Mr. George also alleges that USCIS changed its policy regarding portability without "due process" or appropriate note and comment rule-making. *See* Compl. ¶¶ 67-72; Pl.'s Opp'n [Dkt. # 12] at 12-14. But Mr. George fails to point to any change in policy, as he does not point to any prior USCIS rule or policy that is different from the one described here.

[5] The Due Process Clause of the 5th Amendment applies to the federal government and imposes the same equal protection requirements as the Fourteenth Amendment imposes on the states. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

(1) those who have an approved I-140 Petition and (2) those who do not have an approved I-140 Petition.

"Where the claim is invidious discrimination in contravention of the . . . Fifth Amendment[] . . . . the plaintiff must plead and prove that the defendant acted with discriminatory purpose . . on account of race, religion, or national origin." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977) (proof of racially discriminatory intent or purpose required to show violation of equal protection); *Washington v. Davis*, 426 U.S. 229, 245 (1976) (to state a claim for violation of equal protection, a plaintiff must allege an improper motive and not merely a discriminatory impact). The equal protection clause protects against the government's treating individuals differently from other similarly situated individuals. *Women Prisoners of the D.C. Dep't of Corr. v. Dist. of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996). "The dissimilar treatment of dissimilarly situated persons does not violate equal protection." *Id.* at 924. Mr. George has not pointed to any difference in the USCIS's adjudication of I-485 Applications based on race or ethnicity or based on an improper motive. Mr. George merely alleges that he was treated differently than those applicants who had an approved I-140 Petition. As he did not have an approved I-140 application, he was not similarly situated to those other applicants. The equal protection claim also will be dismissed.

### IV. CONCLUSION

Mr. George left his job at Intuit before Intuit obtained approval of its I-140 Visa Petition. Without an approved I-140, Mr. George was ineligible for adjustment of status and thus USCIS denied his I-485 application under 8 U.S.C. § 1255(a). Mr. George lacks standing to challenge the withdrawal of Intuit's I-140 Petition and he failed to state a claim with regard to the

I-485 Application. Thus, USCIS's motion to dismiss [Dkt. #11] will be granted. A memorializing

Order accompanies this Memorandum Opinion.


DATE: March 16, 2010                                    /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge