**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KATHERINE A. ABEND,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-480 (RMC)** |
| | ) | |
| **SAMUEL C. BOYD, INC. and DANIEL RANK,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

On March 23, 2010, Katherine A. Abend filed a Complaint against Samuel C. Boyd, Inc., and Daniel Rank alleging negligence. Compl. [Dkt. # 1]. The Complaint alleges that Defendants contracted to repair the roof at the Kentucky Manor Condominiums and they caused a fire that damaged the property. Ms. Abend owned Unit 26 at Kentucky Manor. She alleges that Defendants are liable in negligence but that her damages do not meet the amount in controversy requirement for diversity jurisdiction. Even so, she asserts that jurisdiction is appropriate under the supplemental jurisdiction statute, 28 U.S.C. § 1367. The Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Order [Dkt. # 5]. Ms. Abend filed a response on May 11, 2010. *See* Resp. [Dkt. # 6]. As explained below, because Ms. Abend has not met her burden of establishing subject matter jurisdiction in this case, the case will be dismissed.

A complaint must set forth a "short and plain statement of the grounds for the court's

jurisdiction." Fed. R. Civ. P. 8(a). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). To determine whether it has jurisdiction over a claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

The Complaint here does not assert federal question jurisdiction under 28 U.S.C. § 1331, as it is based in negligence. The Complaint also concedes that diversity jurisdiction does not apply because "[t]he amount in controversy does not exceed $75,000." Compl. ¶ 1(e); *see* 28 U.S.C. § 1332(a) (diversity jurisdiction requires both diversity of citizenship and an amount in controversy of more than $75,000). Instead, Ms. Abend claims that "this court has supplemental jurisdiction, pursuant to Title 28 United States Code Section 1367, since this matter is so related to the claims in [*D'Antuono v. Samuel C. Boyd, Inc.*, Civ. No. 09-1290 (D.D.C.)] over which this court has original jurisdiction before the Honorable Rosemary M. Collyer, that this litigation forms part of the same case and controversy . . . ." Compl. ¶ 1(e). In the *D'Antuono* case, the owner of Unit # 16 at Kentucky Manor brought suit in diversity against Samuel C. Boyd, Inc., for damages caused by the same fire that injured Ms. Abend's property. The *D'Antuono* case meets the amount in controversy requirement.

For a court to exercise supplemental jurisdiction it must *already have* original jurisdiction in the case. Section 1367(a) of the supplemental jurisdiction statute provides:

Except as provided in subsections (b) and (c) or as expressly provided

> otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added); *see also Empagran S.A. v. F. Hoffman-LaRoche Ltd.*, 453 F. Supp. 2d 1, 11 (D.D.C. 2006) (declining to exercise supplemental jurisdiction based on original jurisdiction established in other independent lawsuits with different case numbers). There is no original jurisdiction established in this case, and thus there is no jurisdiction upon which to base supplemental jurisdiction.

Arguing that supplemental jurisdiction applies, Ms. Abend erroneously cites *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546 (2005).[1] In that case, the Supreme Court explained that the supplemental jurisdiction statute provided jurisdiction in diversity class actions over the claims of class members who do not meet the minimum amount in controversy so long as one of the class representatives does meet the minimum amount. Unlike *Exxon*, the case at hand is not a class action. Further, the Supreme Court in *Exxon* noted the same prerequisite for supplemental jurisdiction that this Court relies upon — the Supreme Court stated that "once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Id*. at 552. This Court does not have original jurisdiction over any claim in Ms. Abend's case, and thus it cannot exercise supplemental jurisdiction. Supplemental jurisdiction cannot be based upon original jurisdiction asserted in another lawsuit.

---

[1] The other case that Ms. Abend cites is *Kopff v. Battaglia*, 425 F. Supp. 2d 76 (D.D.C. 2006). The *Kopff* case relies upon *Exxon*. *Id*. at 79.

Accordingly, this case will be dismissed for lack of subject matter jurisdiction. A

memorializing Order accompanies this Memorandum Opinion.



Date: May 19, 2010                                    /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge