# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 15, 2004          Decided December 10, 2004

No. 03-3091

UNITED STATES OF AMERICA,
APPELLEE

v.

WAYNE BYFIELD,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 89cr00322-01)

———

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant Wayne Byfield. With her on the briefs was *A. J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance for appellant Wayne Byfield.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, *John R. Fisher*, *Roy W. McLeese, III, John P. Gidez* and *Robert D. Okun*, Assistant U.S. Attorneys.

Before: EDWARDS, RANDOLPH, *Circuit Judges* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge*
WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Appellant Wayne
Byfield proposes that a person cannot smoke a mixture of
roughly equal parts sugar and cocaine base. Accordingly, he
says, for sentencing purposes the sugar should be subtracted
from the total weight of the material he was convicted of
possessing. Because the government provided virtually no
evidence contradicting his factual claim, we reverse and
remand.

* * *

Byfield is serving a 292-month prison term under a
1992 conviction for possession of more than 50 grams of
cocaine base with intent to distribute, in violation of 21
U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). In earlier passes at
the case, we reversed a district court's mistaken grant of
Byfield's motion for judgment of acquittal notwithstanding
the verdict, *United States v. Byfield*, 928 F.2d 1163 (D.C. Cir.
1991), and affirmed his ensuing conviction, *United States v.
Byfield*, 1 F.3d 45 (Table) (D.C. Cir. 1993) (per curiam). In
2002 Byfield moved pro se for modification of his sentence
under 18 U.S.C. § 3582(c)(2). The district court denied
Byfield's motion, and he filed a timely notice of appeal.

18 U.S.C. § 3582(c)(2) permits a court to "reduce the
term of imprisonment" of a properly filing defendant whose
"term . . . [was] based on a sentencing range that has
subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. § 994(o)." Section 1B1.10 of the
Guidelines enumerates retroactive amendments that qualify a
defendant for § 3582(c)(2) relief. Those named include the
amendment invoked by Byfield, Amendment 484 to U.S.S.G.

§ 2D1.1, which says that, for sentencing purposes, a drug "[m]ixture or substance" under § 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance can be used." Byfield was sentenced under § 2D1.1 before Amendment 484 took effect in 1993.

Byfield was convicted for possessing a mixture of cocaine base (commonly known as crack) and mannitol (sugar) that weighed 607.8 grams. Applying the pre-Amendment 484 version of § 2D1.1 to that weight, the sentencing court sentenced Byfield to the minimum within the Level 38 sentencing range (292-365 months). The mixture, however, comprised about 340 grams (56%) cocaine base and about 267 grams (44%) mannitol. If the mannitol "must be separated from the [cocaine base] before the [cocaine base] can be used," as Byfield claims, he would qualify for the Level 36 sentencing range (235-93 months).

Byfield also noted that the initial sentencing and trial record included no expert testimony that a mixture of sugar and cocaine base could be smoked. He therefore sought a hearing, offering to "produce expert testimony that sugar isn't a usable substance in cocaine base."

The district court denied Byfield's requests for a modification and for a hearing. "Sugar," the court held, "is simply a cutting agent, which . . . may be properly included in the weight of drugs . . . for sentencing purposes," citing *Chapman v. United States*, 500 U.S. 453, 458-59 (1991). We review the court's decision not to conduct a hearing for an abuse of discretion. *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999).

4

* * *

We begin by clarifying Byfield's evidentiary burden. Section 6A1.3 of the Guidelines allows hearings "[w]hen any factor important to the sentencing determination is reasonably in dispute." U.S.S.G. § 6A1.3. The government conflates Byfield's burden of proof for an Amendment 484 modification with his burden for securing a hearing under § 6A1.3. Relying on *United States v. Sprague*, 135 F.3d 1301 (9th Cir. 1998), it argues that Byfield must show "by a preponderance of evidence that the mixture or substance . . . contained materials that must be separated to render the controlled substance usable." *Id.* at 1306-07. Once Byfield made that showing, the burden would shift to the government "to establish the . . . weight of the controlled substance." *Id.* at 1307.

Whether *Sprague* is correct, it is inapposite. *Sprague* purports only to describe the defendant's burden of proof regarding whether a retroactive amendment is applicable. See *id.* But § 6A1.3 sets a far lower threshold for a hearing, requiring only that an important factor be "reasonably in dispute." See *United States v. Sisti*, 91 F.3d 305, 312 (2d Cir. 1996) (reasonable dispute if movant has a relevant "colorable claim"). The government's extension of *Sprague* from Amendment 484 to § 6A1.3, by contrast, would force a party to prove, before a hearing, that which he needs a hearing to prove.

The government also suggests that § 6A1.3 may not even apply to sentence modifications under 18 U.S.C. § 3582(c)(2), but gives no reason why it should not. We can see no material distinction, for these purposes, between initial sentencings and § 3582(c)(2) revisions.

The record in fact pits some evidence against nothing; as we've said in another context, "something . . . outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). Byfield asserted below that, when burned, the mannitol in the disputed mixture would melt and prevent the cocaine base from vaporizing to induce a high. On appeal, he also observes that neither the Sentencing Commission nor the federal courts have contradicted his assertion. See U.S. SENTENCING COMM'N, COCAINE AND FEDERAL SENTENCING POLICY 91 (1995) (not including sugar in a list of common cutting agents for crack cocaine).

The government's response in the district court and here is that sugar is a cutting agent—that is, an added substance that dilutes drugs to increase distributor profits—that counts toward the weight of drugs for sentencing purposes. It cites *Chapman*, which upheld the inclusion of blotter paper in the weight of LSD for sentencing under § 841(b)(1)(B). 500 U.S. at 455.

*Chapman* does not really advance the government's case. After it was decided, Amendment 484 for the first time made usability essential for calculating the weight of a drug quantity for § 2D1.1 sentencing purposes. True, en route to its conclusion under the prior law, *Chapman* made a rhetorical point about ingestion: "Like cutting agents used with other drugs that are ingested, the blotter paper . . . carrying LSD can be and often is ingested with the drug." 500 U.S. at 462. But ingestibility was not the crux of the decision, which in any event never mentioned the ingestibility of mannitol as a cutting agent for cocaine *base*.

In fact, no decided case reaches the issue. While Byfield overstated the relevance of some cited authorities, the

government's effort to make affirmative use of appellate decisions is equally amiss. For instance, while *United States v. Jackson*, 115 F.3d 843 (11th Cir. 1997), referred to sugar as a cutting agent that would be consumed, *id*. at 845, the drug in question was cocaine, not cocaine base. Byfield's assertion, which the government at oral argument conceded was perfectly plausible, is thus uncontradicted by any pertinent holding or responsive evidence. And while Byfield did not qualify as an expert, he was, as counsel observed, convicted of knowingly possessing cocaine base with intent to distribute, a conviction at least suggesting some familiarity with drug buyers' interests. Against the vacuum presented by the government, this is enough of a smidgeon to put the matter "reasonably in dispute."

The government seeks to undercut Byfield's request for a hearing on the ground that he failed to ask explicitly for a court-appointed expert or invoke 18 U.S.C. § 3006A. We are at a loss to understand how that differs materially from what Byfield did. To be sure, Byfield cited neither § 6A1.3 nor § 3006A. He instead simply requested a "re-sentencing hearing" at which he and the government could "produce expert testimony." But statutory and Guidelines section numbers are not talismans, and a pro se prisoner's failure to recite them doesn't obviate the need for a hearing when the record meets the threshold condition. See, e.g., *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (court has an "obligation to construe pro se filings liberally").

Given that Byfield's proposition therefore remains unrefuted, we hold that the district court abused its discretion in denying Byfield a § 6A1.3 hearing. Compare *United States v. Small*, 74 F.3d 1276, 1287 (D.C. Cir. 1996) (upholding refusal to postpone sentencing to reweigh implicated drugs

because "[t]he district court made a reasoned factual determination that the government had proved the weight of the drugs").

The hearing may in fact prove quite simple. The government's appellate brief points to scholarly authorities for the proposition that cocaine base vaporizes when heated to about the temperature of boiling water (100 degrees Celsius), whereas mannitol melts at about 166-68 degrees Celsius. But chemists we are not, and the government doesn't claim that these points meet the standards for judicial notice. The cited items do suggest, however, that on remand, once Byfield is given an opportunity to present expert evidence in support of his contention, expert affidavits from the government may be enough to refute his claims. The Commentary to § 6A1.3 says that the district court is to "determine the appropriate procedure in light of the nature of the dispute," and observes that "lengthy sentencing hearings seldom should be necessary," and that "affidavits of witnesses may be adequate under many circumstances." See U.S.S.G. § 6A1.3 Commentary.

Accordingly, we reverse and remand with instructions that the district court should allow the parties to present evidence regarding whether Byfield is entitled to a reduced sentence under Amendment 484 to U.S.S.G. § 2D1.1.

*So ordered.*