[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14946
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-00084-CR-J-12-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT LAVETT ALLEN,
a.k.a. Pork Chop,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Vincent Lavett Allen, currently serving a 295-month sentence for possession

with intent to distribute crack cocaine, challenges the district court's <u>sua sponte</u> decision to re-sentence him under 18 U.S.C. § 3582(c)(2) because the district court did not grant him an evidentiary hearing. Allen contends that the he was entitled to an evidentiary hearing to resolve a dispute concerning his post-sentencing conduct.

Whether to reduce a defendant's sentence under § 3582 is a matter left to the discretion of the district court. <u>See</u> <u>United States v. Williams</u>, 557 F.3d 1254, 1256 (11th Cir. 2009). So is the decision whether to conduct an evidentiary hearing. <u>United States v. Yesil</u>, 991 F.2d 1527, 1531 (11th Cir. 1992) ("[T]he decision whether or not to grant an evidentiary hearing generally is committed to the discretion of the district court."); <u>see also</u> <u>United States v. Byfield</u>, 391 F.3d 277, 279 (D.C. Cir. 2004) ("We review the court's decision not to conduct a [§ 3582] hearing for an abuse of discretion."). The district court must follow a two-part analysis in a § 3582 proceeding. <u>See</u> <u>United States v. Williams</u>, 557 F.3d 1254, 1256 (11th Cir. 2009). First, it must recalculate the defendant's guideline range based on his amended base offense level. <u>Id.</u> Second, it must consider whether to impose a new sentence or retain the original sentence. <u>Id.</u> In making that determination, the district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and <u>may</u> consider the defendant's post-sentencing conduct." <u>Id.</u> (emphasis added). "The district court is

2

not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." Id. (internal quotation marks omitted); see also United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) ("[A] district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court.").

Allen contends that he was entitled to a hearing to dispute his citations for twenty-six disciplinary infractions in prison, including fighting, possessing a dangerous weapon, possessing drugs, and engaging in sexual acts. The government introduced those infractions as a public safety concerns in opposing any reduction in Allen's sentence. Allen argues, without providing any details, that he has an explanation for many of those infractions.

Allen's contention fails. It does not appear that Allen's post-conviction conduct was a factor in the district court's re-sentencing determination. Allen's original guidelines range was 292 to 365 months, and the district court sentenced him to 365 months. The same district judge conducted Allen's re-sentencing. After applying a two-level reduction to Allen's base offense level based on Amendment 706, which reduced Allen's guidelines range to 235 to 293 months,

the district court sentenced Allen to 293 months. Once again, Allen was sentenced at the top of the guidelines range. That suggests that the district court carried its original sentencing determination—that Allen deserved the top end of the guidelines range—over to his adjusted base offense level after applying Amendment 706. Our conclusion is reenforced by the district court's statements during the original sentencing proceedings:

> I think the only appropriate sentence for Mr. Allen would be if we had some gallows right outside the courthouse here and we could hang him from them.

> You're a no good bum, you know that? You have spent the last eighteen years terrorizing the people on the streets of Jacksonville, beating up prison officials, law enforcement officers. You're no good. If I had my way, there wouldn't be a key to the jail that you would go into. You'd stay there forever and never see the light of day. It hurts me to have to even sentence you within these guidelines because you don't deserve a sentence within the guidelines.

The district court obviously believed that Allen's original crimes justified the top end of the guideline range, and that is the sentence he received. On re-sentencing, the district court simply recalculated Allen's guideline range after taking into account Amendment 706. The record reflects that "the pertinent factors were taken into account by the district court." Williams, 557 F.3d at 1256. The district court sua sponte re-sentenced Allen and gave him the benefit of Amendment 706. That was the point of the § 3582 proceedings. The district court

4

did not abuse its discretion by declining to hold an evidentiary hearing on the subject of Allen's post-conviction infractions.

**AFFIRMED.**