**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **LABONNIE COPELAND ALLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 10-1101 (RMC)** |
| ) | |
| **U.S. DEPARTMENT OF EDUCATION,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

LaBonnie Copeland Allen, proceeding *pro se*, filed an Amended Complaint alleging

that the U.S. Department of Education violated that Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. §§ 1692 *et seq.*, in attempting to collect monies owed on student loans and also violated

the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to provide requested

documents. The Department of Education moves to dismiss or, in the alternative, for summary

judgment. Because the FDCPA claims are barred by sovereign immunity, those claims will be

dismissed for lack of jurisdiction. Further, the remaining claims will be dismissed for failure to state

a claim.[1]

**I. FACTS**

Ms. Allen borrowed money for her daughter's education via two student loans, called

Parent Plus Loans. Relating to these loans, she filed an Amended Complaint against the Department

---

[1] Because there are sound grounds for dismissal under Rule 12, the Court does not reach the Department of Education's alternative ground for dismissal via summary judgment.

of Education ("DOE") alleging seven Claims:

> Claim 1 – DOE violated the FDCPA by failing to provide information regarding the balance on the loans;
>
> Claim 2 – DOE violated the FDCPA by failing to provide verification of the debt owed;
>
> Claim 3 – DOE violated the FDCPA by engaging in certain prohibited conduct, such as calling her at work;
>
> Claim 4 – DOE failed to respond to a letter requesting all documentation pertaining to the Parent Plus Loans;
>
> Claim 5 – Four loan accounts appear on Ms. Allen's credit report when she only took out two loans;
>
> Claim 6 – Ms. Allen lost her job as a teacher in 2000; and
>
> Claim 7 – Ms. Allen paid other student loans off years ago and is capable of paying off these.

Am. Compl. [Dkt. # 11] at 1–4. Ms. Allen seeks to have the amounts she owes "thrown out" or "drastically reduced." *Id*. at 4.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Motion to Dismiss Claims 1-3 under the FDCPA for Lack of Jurisdiction

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged, *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004), although the court may consider certain materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter

jurisdiction is an Article III and statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

The Court lacks jurisdiction over the claims brought here pursuant to the FDCPA. The FDCPA provides that "any debt collector" who fails to comply with the Act is subject to liability. However, the definition of "debt collector" excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(c). Moreover, the United States and its agencies are immune from suit, unless sovereign immunity has been waived. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). Congress did not waive sovereign immunity by enacting the FDCPA. *See Wagstaff v. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007); *Ha v. Dep't of Educ.*, 680 F. Supp. 2d 45, 47 (D.D.C. 2010). Accordingly, Claims 1 through 3 of the Amended Complaint will be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**B. Motion to Dismiss Claims 4-7 for Failure to State a Claim**

**1. Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A court must treat a complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

## 2. Claim 4 – Freedom of Information Act

Ms. Allen alleges in Claim 4 that the DOE failed to respond to a letter requesting all documentation pertaining to her Parent Plus Loans. While Claim 4 attempts to allege a claim under FOIA, it does not succeed because Ms. Allen has not alleged that she made a formal FOIA request. Further, DOE has not been able to locate any FOIA request submitted by Ms. Allen. Def.'s Mot. to Dismiss [Dkt. # 13], Cueva Decl. [Dkt. # 13-4] ¶¶ 4–5. DOE first became aware the Ms. Allen was attempting to make a FOIA request when she filed this lawsuit. "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Banks v. Department of Justice*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008). Even if Ms. Allen had made the necessary FOIA request, any FOIA claim related to the request for documents would have to be dismissed as moot, because the Government provided all relevant documents to Ms. Allen. *See* Reply [Dkt. # 16], Ex. A ("Howell Decl.") [Dkt. # 16-1] ¶¶ 5-11 (all documents related to the loans were sent to Ms. Allen) & Ex. B ("Supplemental Howell Decl.") [Dkt. # 16-2] ¶¶ 9-10 (DOE sent payment history to Ms. Allen). A FOIA action becomes moot once the requested records have been produced. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996). As a result, Claim 4 will be dismissed as moot.

## 3. Claims 5, 6, and 7

To survive a motion to dismiss, a complaint must set forth sufficient facts to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. Even construing the complaint liberally in favor of Ms. Allen as is required for *pro se* litigants, *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), the Court can discern no legal cause of action set forth in Claim 5, Claim 6, or Claim 7.

Claim 5 alleges that four student loans appear on Ms. Allen's credit report and that Ms. Allen only took out two student loans. Ms. Allen misapprehends her credit report. Attached to Ms. Allen's original complaint is a copy of a TransUnion credit report dated February 4, 2010, showing two student loans from "Direct Loan SVC System" with a $0 balance. *See* Compl. [Dkt. # 1] at 105. When Ms. Allen defaulted on these loans, the unpaid balances were transferred to Default Resolution Group ("DRG") for collection; DRG then transferred the loans to Premiere Credit of North America, LLC ("Premiere Credit") for collection. *See* Howell Decl. ¶ 4; Supplemental Howell Decl. ¶ 6. The loans that were transferred for collection are listed on the TransUnion report as two loans from the "U.S. Dept. of Education." *See* Compl. [Dkt. # 1] at 106. Premiere Credit is attempting to collect the two outstanding loans from the U.S. Department of Education, not the two Direct Loan SVC System loans that are listed with a $0 balance.

Claim 6 alleges that Ms. Allen lost her job as a teacher in 2000. Ms. Allen makes no claim against DOE relating to her job loss. She merely notes that she lost her job as a way of explaining why she defaulted on the student loans. Claim 7 alleges that Ms. Allen paid other student loans off years ago and is therefore capable of paying off these loans. Claim 7 also makes no claim against DOE, but instead explains Ms. Allen has paid off loans previously and believes she could do so again.

Claims 5, 6, and 7 fail to set forth any legal claim for relief as required by Federal Rule of Civil Procedure 8(a). Thus, these claims will be dismissed for failure to state a claim under Rule 12(b)(6).

### III.  CONCLUSION

For the reasons stated above, the Department's motion to dismiss [Dkt. # 13] will be

granted and this case will be dismissed.[2]  A memorializing Order accompanies this Memorandum

Opinion.


Date:  December 14, 2010                          _____/s/_____

                                                  ROSEMARY M. COLLYER
                                                  United States District Judge

---

[2] For the same reasons that DOE's motion to dismiss will be granted, Plaintiff's motion "to set aside Defendant's renewed motion to dismiss" [Dkt. # 20] will be denied.