**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KATIE DAVENPORT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 13-1007 (RMC)** |
| | ) | |
| **THOMAS P. DORE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pro se Plaintiff Katie Davenport, acting pro se, filed a Complaint challenging the foreclosure of her home located at 8733 Mission Road, Jessup, MD 20794. Compl. [Dkt. 1] at 9-12. She sues Thomas P. Dore; his law firm Cohavey, Boozer, Devan & Dore, P.A.; and Wells Fargo Home Mortgage. Ms. Davenport alleges that none of the Defendants was a creditor and that they lacked standing to foreclose on her home mortgage loan. *Id*. She seeks an injunction against the foreclosure sale and the final judgment of ratification. *Id*. at 12. As explained below, this Court lacks jurisdiction, the case must be dismissed.

Mr. Dore and his firm, as trustees for Wells Fargo, brought suit to foreclose a deed of trust on Ms. Davenport's property in the Circuit Court of Maryland for Howard County. *Dore v. Davenport*, 13C11086299 (Md. Cir. Ct., Howard Cty.) (filed Apr. 6, 2011). The docket sheet for the Howard County case reveals that the property was sold in foreclosure on October 13, 2011; the Circuit Court ratified the foreclosure sale on March 28, 2012; and the Circuit Court issued a writ of possession on March 1, 2013.

Even though pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court

must have jurisdiction in order to adjudicate a claim. A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, which may be done by a court sua sponte at any time. Fed. R. Civ. P. 12(h)(3). *See, e.g., Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011). When determining whether a case should be dismissed for lack of jurisdiction under Rule 12(b)(1), a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

The Court lacks jurisdiction over both of the state court suits under the *Rooker-Feldman* abstention doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine established that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Gray v. Poole*, 275 F.3d 1113,

1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court"). Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined" with the state court's decision that the district court is being called upon to review the state court decision. *Id.* at 482 n.16.

In a case similar to the one at hand, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision ratifying the foreclosure sale of his residence. He sought possession of his residence and damages, alleging a violation of due process, fraud, and discrimination. *Id.* at 46 n.8. Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman. Id.* at 45-46. The Complaint in this case is similar: Ms. Davenport asks this federal district court to review rulings of the Circuit Court of Maryland for Howard County, a state court. The Court lacks jurisdiction over the Complaint under *Rooker-Feldman* and the it must be dismissed. A memorializing Order accompanies this Memorandum Opinion.

Date: July 9, 2013                   /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge