## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANK GLAVIANO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-2049 (RMC) |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiffs Frank and Pauline Glaviano, proceeding *pro se*, filed a Complaint

challenging the foreclosure of their property located at 1528 Vandagriff Way, Corona, CA

92883-7653. *See* Compl. [Dkt. 1]; *id*., Ex. 1 (Deed of Trust) [Dkt. 1-1]; *id*., Ex. 3 (Notice of

Trustee's Sale) [Dkt. 1-1]. They sued JP Morgan Chase Bank, N.A.; EMC Mortgage

Corporation; Ameriquest Mortgage Company; and The Bank of New York Mellon (collectively,

Defendants). Plaintiffs allege that Defendants do not have "possession of the note" or a

"documented property interest in the Note and Mortgage or Deed of Trust," Compl. at 4, that the

"Deed of Trust is void and ineffective due to fraud," and that the Trustee's foreclosure sale is

"void because the alleged beneficiary . . . never had standing to substitute the trustee," *id*. at 6-7.

They further claim that the sale of their property at a foreclosure sale violates their due process

rights under the U.S. Constitution. *Id*. at 59.[1] Based on these allegations, Plaintiffs seek an

---

[1] Plaintiffs also erroneously claim that the foreclosure sale of their property is prohibited by the Consent Orders issued in *United States v. Bank of America*, Civ. No. 12-361(RMC). Compl. at 4. Plaintiffs were not parties in *United States v. Bank of America*, which dealt with mortgage

1

injunction against the foreclosure sale. *See* Mot. for Injunction [Dkt. 2]; Compl. at 59-60 (seeking a cease and desist order). Because this Court lacks jurisdiction, the case must be dismissed.

Even though *pro se* complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate a claim. A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, which may be done by a court *sua sponte* at any time. Fed. R. Civ. P. 12(h)(3); *see, e.g., Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011). When determining whether a case should be dismissed for lack of jurisdiction under Rule 12(b)(1), a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

---

servicing, origination, and certification in general and did not involve Plaintiffs' mortgage or any other particular mortgage.

Under the *Rooker-Feldman* abstention doctrine, the Court lacks jurisdiction to hear what amounts to the Plaintiffs' challenge to decisions of California state courts. This doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court"). Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with the state court decision that the district court is in essence being called upon to review the state-court decision." *Id*. at 483.

In a case similar to the one at hand, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision to ratify the foreclosure sale of his residence. He sought possession of his residence and damages, alleging a due process violation, fraud, and discrimination. *Tremel*, 251 F. Supp. 2d at 46 n.8. Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman. Id*. at 45–46. Plaintiffs here also ask the federal district court to review state court rulings. As in *Tremel*, this Court lacks jurisdiction to do so under *Rooker-Feldman*.

Accordingly, the Complaint will be dismissed for lack of jurisdiction and the motion for injunction will be denied as moot due to dismissal of the case. A memorializing Order accompanies this Opinion.


Date: December 27, 2013                                         _____/s/_____

                                                         ROSEMARY M. COLLYER
                                                         United States District Judge