Phillip BROWN, Parent and
Next Friend of P.L, a
minor, Plaintiffs,

v.

BARBARA JORDAN P.C.S., Defendant.

No. 06cv1458 (RJL).

United States District Court,
District of Columbia.

June 13, 2007.

Tilman L. Gerald, James E. Brown &
Associates, PLLC, Washington, DC, for
Plaintiffs.

Jon A. Hoppe, Maddox Hoppe Hoofna-
gle & Hafey LLC, Washington, DC, for
Defendant.

## MEMORANDUM OPINION

RICHARD J. LEON, District Judge.

Phillip Brown, the parent and next
friend of "P.L.", a minor, has sued the
Barbara Jordan Public Charter School
("BJCPS") for the full reimbursement of
attorney's fees and costs. Currently be-
fore the Court is the plaintiffs' motion for
summary judgment. Upon review of the
pleadings and the applicable law, plaintiffs'
motion is GRANTED.

## I. BACKGROUND

P.L. was expelled from the BJCPS's
Special Education Program in August
2004. Shortly thereafter, plaintiffs re-
quested a hearing before an Administra-
tive Hearing Officer alleging that P.L.'s
expulsion violated the Individuals with Dis-
abilities Education Act ("IDEA"), 20
U.S.C. § 1400 et seq. In October 2004, a
Hearing Officer heard plaintiffs' complaint
and ordered BJCPS to develop a Behavior
Intervention Plan, update the Individual-
ized Education Program and provide inde-
pendent tutoring services for P.L.

Believing that they had prevailed on
their IDEA claims, plaintiffs requested re-
imbursement of attorneys' fees and costs.
When defendant refused to pay, plaintiffs
brought suit in this Court. Plaintiffs have
moved for summary judgment on their
claims. Defendant has opposed the motion
arguing, in essence, that plaintiffs' demand
for attorney's fees is time-barred. For the
following reasons, the Court disagrees.

## II. STANDARD OF REVIEW

Under Rule 56, summary judgment
"shall be rendered forthwith if the plead-
ings, depositions, answers to interrogato-
ries, and admissions on file together with
the affidavits, if any, show that there is no
genuine issue as to any material fact and
that the moving party is entitled to a

judgment as a matter of law." Fed. R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where the court finds that facts material to the outcome of the case are at issue, a case may not be disposed of by summary judgment. *Id.* at 248, 106 S.Ct. 2505.

### III. ANALYSIS

Under the IDEA, parents of a disabled child who prevail in securing special education services for their children are entitled to reimbursement of reasonable attorney's fees. 20 U.S.C. § 1415(i)(3). Here, the defendant does not dispute that the plaintiffs prevailed in their administrative action, nor that plaintiffs would have been entitled to fees and costs. Instead, defendant argues that plaintiffs filed their complaint for attorneys' fees outside of, what it contends, is a thirty-day statute of limitations period for these IDEA claims. Unfortunately for defendant, its contention is not supported by binding precedent.

The IDEA, does not specifically include a statute of limitations provision for attorneys' fees claims. As a result, Courts have had to resort to importing limitations periods from analogous state law causes of action. *Kaseman v. District of Columbia*, 329 F.Supp.2d 20 (D.D.C.2004). Here, defendant argues that the thirty-day limitation period for appeals from administrative decisions should be applied to claims for attorneys' fees. Not surprisingly, plaintiff disagrees and relies upon the decisions of several judges in this District who have rejected this argument and applied instead

the D.C.Code's three-year limitation period. D.C.Code § 12–301(8); *Armstrong v. Vance*, 328 F.Supp.2d 50 (D.D.C.2004); *Kaseman v. District of Columbia*, 329 F.Supp.2d 20 (D.D.C.2004); *Akinseye v. District of Columbia*, 193 F.Supp.2d 134 (D.D.C.2002), *rev'd on other grounds*, 339 F.3d 970 (D.C.Cir.2003); *Smith v. District of Columbia*, No. 02–0373, slip op. (D.D.C. Sept. 19 2002); *but see Abraham v. District of Columbia*, 338 F.Supp.2d 113 (D.D.C.2004)(thirty-day limitations period applied to attorneys' fees claim). In the absence of clear precedent from our Circuit Court to the contrary, this Court joins in the conclusion of its colleagues and adopts the D.C.Code's three year limitation period. Thus, as the Hearing Officer's determination was issued October 21, 2004, and plaintiffs filed suit on August 18, 2006, their claims for attorneys' fees are timely. Accordingly, Plaintiffs' motion for summary judgment, the motion is GRANTED.