**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ANNETTE BROWN, et al., |
| Plaintiffs, |
| v. |
| DISTRICT OF COLUMBIA, |
| Defendant. |

Civil Action No. 13-1560
KBJ/DAR

**REPORT AND RECOMMENDATION**

Plaintiffs commenced this action against the District of Columbia to recover $9,020.98 in attorneys' fees and costs that they incurred in connection with administrative proceedings conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Complaint (Document No. 1). This action was referred to the undersigned United States Magistrate Judge for full case management. Order of Referral (Document No. 8). Pending for consideration by the undersigned are Plaintiffs' Motion for Summary Judgment ("Motion") (Document No. 12) and Defendant's Cross-Motion for Summary Judgment (Document No. 14). Upon consideration of the motions, the memoranda in support thereof and opposition thereto, the attached exhibits, and the entire record herein, the undersigned will recommend that the court deny Plaintiffs' motion and grant in part Defendant's motion.

**BACKGROUND**

Plaintiff Annette Brown is the parent of Plaintiff J.B., a minor student residing in the District of Columbia, Complaint ¶ 2, who is eligible to receive special education and related

services, *see* Motion, Exhibit 1 at 3.  Plaintiffs filed an administrative due process complaint against the District of Columbia Public Schools ("DCPS") on May 19, 2010, in which they raised a number of issues "challenging the appropriateness of [J.B.'s] educational programs, placement, and measures initiated by [DCPS] to ensure that [J.B.] received a free appropriate public education . . . ."  Motion, Exhibit 1 at 1, 3-4.  After conducting hearings on Plaintiffs' complaint, the hearing officer issued a determination ("HOD") on July 17, 2010, finding largely in Plaintiffs' favor.  *Id.* at 4-17.

Following the hearing officer's determination, Plaintiffs commenced an action in this court seeking $19,015.70 in attorneys' fees and costs that they incurred in the underlying administrative proceedings.  Complaint, *Brown, et al. v. Dist. of Columbia*, Civil Action No. 11-380 (D.D.C. Feb. 15, 2011), ECF No. 1.  The court (Wilkins, J.), adopting the Report and Recommendation of Magistrate Judge Kay, found that Plaintiffs were due $8,230.23.  Order and Final Judgment, *Brown, et al. v. Dist. of Columbia*, Civil Action No. 11-380 (D.D.C. Feb. 10, 2012), ECF No. 16.  Thereafter, in that same action, Plaintiffs requested $17,565.80 for attorneys' fees and costs incurred while pursuing their action for fees.  Plaintiffs' Motion for an Award of Attorney's Fees and Costs, *Brown, et al. v. Dist. of Columbia*, Civil Action No. 11-380 (D.D.C. May 7, 2012), ECF No. 22.  The court awarded Plaintiffs $13,934.55 for "reasonable attorneys' fees expended to obtain the underlying judgment for fees incurred in connection with the original administrative action brought under the IDEA."  Order, *Brown, et al. v. Dist. of Columbia*, Civil Action No. 11-380 (D.D.C. Oct. 11, 2012), ECF No. 26.

On February 20, 2012, after the court issued its first order awarding fees in Civil Action No. 11-380, Plaintiffs submitted an invoice to Defendant requesting an additional $14,033.18, to

account for $13,985 in attorneys' fees and $48.18 in costs incurred from November 8, 2010

through February 17, 2012.  Motion, Exhibit 2.  In May 2012, Defendant paid $5,010.20 of the

requested amount.  *See* Motion, Exhibit 3; Motion, Exhibit 4.  Plaintiffs commenced this action

on October 9, 2013 requesting the balance.  Complaint ¶ 8.[1]

**CONTENTIONS OF THE PARTIES**

Plaintiffs contend that they are entitled to an award of $9,020.98 for attorneys' fees and

costs because the hearing officer's determination rendered them the prevailing parties in the

underlying administrative proceedings.  Memorandum of Points and Authorities in Support of

Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Memorandum") (Document No. 12-1) at

2.  Plaintiffs aver that the hourly rates billed by their counsel are reasonable given her "extensive

legal experience" and the applicable prevailing market rates established by the *Laffey* matrix.[2]

*Id.* at 6-8.  Plaintiffs further aver that the number of hours billed are reasonable because the work

"was necessary to obtain DCPS' compliance with the Hearing Officer's Determination."  *Id.* at 9.

Defendant, in opposition to Plaintiffs' motion and in support of its cross-motion,

contends that this action is barred by (1) the statute of limitations under District of Columbia law

because Plaintiffs commenced this suit more than three years following the hearing officer's

determination; (2) the doctrine of res judicata because this court, in Civil Action No. 11-380,

already resolved Plaintiffs' claim for attorneys' fees in connection with the July 17, 2010 hearing

---

[1] By the undersigned's calculation, the remaining amount would be $9,022.98.

[2] The *Laffey* matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 [] (1985)." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote omitted). The Civil Division of the United States Attorney's Office for the District of Columbia updates and maintains a *Laffey* matrix, available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix 2014.pdf.

officer determination; and (3) a provision in a January 10, 2012 settlement agreement between the parties which precluded further claims. Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Defendant's Memorandum") (Document Nos. 13, 14-1) at 4-10. In the alternative, Defendant contends that Plaintiffs have not provided authority to demonstrate that the hours billed "nearly a year and a half after" the hearing officer's determination are reimbursable. *Id.* at 10-11. Defendant further contends that Plaintiffs are precluded from relitigating the reasonableness of her counsel's hourly rates because the court already made a determination in Civil Action No. 11-380. *Id.* at 7-8.

In response, Plaintiffs contend that this matter is properly before the court because they filed their complaint "within 3 years of the provision of the services on the invoice at issue," and that the running of the statute of limitations "should be keyed to the date the services were rendered . . . ." Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Plaintiffs' Reply") (Document Nos. 16, 17) at 1, 3. Plaintiffs further contend that the doctrine of res judicata does not apply because this matter involves a different invoice than the invoices that were considered by the court in Civil Action No. 11-380. *Id.* at 3. Likewise, Plaintiffs contend that the findings of the court in Civil Action No. 11-380 "are not binding" in this matter because the "services and costs" at issue "were not evaluated or reviewed" in that action. *Id.* at 4. With respect to the effect of the parties' January 2012 settlement agreement, Plaintiffs aver that the agreement "resolved a 2[nd] administrative due process complaint which had nothing to do with matters raised in the first administrative due process complaint," and further aver that Defendant was not a party to the agreement executed between Plaintiffs and DCPS. *Id.* at 5.

Defendant submits that decisions from this court support a finding that the statute of limitations begins to run when the hearing officer issues a final determination, and notes that Plaintiffs "never sought to amend" their complaint in Civil Action No. 11-380 to request the "additional amount sought in this action."  Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Defendant's Reply") (Document No. 18) at 2-3. In response to Plaintiffs' contention that the doctrine of res judicata is not applicable, Defendant avers that "[t]here is nothing in the IDEA or related case law that allows Plaintiffs to piecemeal an action for attorneys' fees," and that "[s]uch an approach to attorneys' fees contravenes the IDEA" because it does not allow the court to determine the reasonableness of the entire amount requested for a particular matter.  *Id.* at 4-5.  Defendant challenges Plaintiffs' interpretation of the parties' settlement agreement and submits that "DCPS and the District are not 'different parties' . . . ."  *Id.* at 6.

**APPLICABLE STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined based on whether it might affect the outcome of the suit under the governing law.  *Id*.

The party seeking summary judgment must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248, 256 (internal quotation marks omitted).  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  *Id.* at 252.  The court will view the evidence and inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

For the reasons set forth below, the undersigned concludes that Plaintiffs' present request for fees is precluded by their earlier action in this court.  The undersigned further concludes that even if Plaintiffs were not precluded from bringing this action, it is untimely.  Having so determined, the undersigned does not reach the issues raised by the parties concerning the reasonableness of the request and the preclusive effect of the parties' January 2012 settlement agreement.

### *Res Judicata*

Defendant, relying on the doctrine of res judicata, contends that the court's decision in Civil Action No. 11-380 precludes Plaintiffs' claim for fees and costs in the instant matter.  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted).  The purpose of the

doctrine is to "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (citation omitted).  While it appears that this court has not had occasion to address the doctrine of res judicata in the context of an action for attorneys' fees and costs under the IDEA, the court has set forth the familiar standard in the context of reviews of administrative determinations pursuant to the IDEA.  "The factors that are required for res judicata to apply are: 1) the presence of the same parties or privies in the two suits; 2) claims arising from the same cause of action in both suits; and 3) a final judgment on the merits in the previous suit." *Turner v. Dist. of Columbia*, 952 F. Supp. 2d 31, 42 (D.D.C. 2013) (citations omitted); *see also Theodore v. Dist. of Columbia*, 772 F. Supp. 2d 287, 293 (D.D.C. 2011); *Friendship Edison Pub. Charter Sch. v. Suggs*, 562 F. Supp. 2d 141, 148 (D.D.C. 2008).

Here, the parties in this action and in Civil Action No. 11-380 are identical.  In both cases, Plaintiffs Annette Brown and J.B. commenced suit against the District of Columbia.  The court entered a final judgment on the merits in the previous case.  *See* Order and Final Judgment, *Brown, et al. v. Dist. of Columbia*, Civil Action No. 11-380 (D.D.C. Feb. 10, 2012), ECF No. 16.  Thus, the issue that this court must resolve is whether the claims in this matter and in the previous matter arise from the same cause of action.

"Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts.  In pursuing this inquiry, the court will consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citations omitted) (quoting

another source) (internal quotation marks omitted); *see also Theodore*, 772 F. Supp. 2d at 293.

The undersigned finds that Plaintiffs' claim in this matter and Plaintiffs' claim in Civil Action No. 11-380 "share the same nucleus of facts," as the issues raised are "related in time, space, origin, or motivation."  In both matters, Plaintiffs commenced suit to recover attorneys' fees and costs that they incurred while pursuing the issues set forth in their May 19, 2010 due process complaint, which culminated in a hearing officer determination on July 17, 2010.  In Civil Action No. 11-380, Plaintiffs sought fees for work performed at the administrative level from February 3, 2010 through October 20, 2010.[3]  *See* Plaintiffs' Reply, Exhibit 8; Plaintiffs' Reply, Exhibit 9.  In this matter, Plaintiffs seek fees for work performed at the administrative level from November 8, 2010 through February 17, 2012.  Motion, Exhibit 2.  Plaintiffs submit that "[t]he work performed from June 16, 2011 through February 17, 2012 were efforts by [their] counsel to get DCPS to comply with the Hearing Officer's Determination and add the recommendations of the independent evaluator who conducted the developmental optometry evaluation to the student's IEP."  Plaintiffs' Memorandum at 9.

Plaintiffs contend that "[t]he invoice at issue here was not litigated in the prior complaint and therefore *res judicata* could not possibly apply."  Plaintiffs' Reply at 3.  However, "[r]*es judicata* bars re-litigation both of 'issues that were' and of issues that 'could have been raised' in the prior action."  *Jackson v. Dist. of Columbia*, 826 F. Supp. 2d 109, 121 (D.D.C. 2011), *aff'd sub nom. Jackson v. Henderson*, No. 11-7156, 2013 WL 500809 (D.C. Cir. Jan. 18, 2013); *see also Theodore*, 772 F. Supp. 2d at 294 (citation omitted) (quoting another source) (internal

---

[3] As previously noted, Plaintiffs also sought, and were awarded, fees for work performed while pursuing their action for fees in this court, from January 24, 2011 through May 7, 2012. *See* Invoice, *Brown, et al. v. Dist. of Columbia*, Civil Action No. 11-380 (D.D.C. May 7, 2012), ECF No. 22-4.

quotation marks and alterations omitted) ("Because claim preclusion is intended to promote judicial efficiency, res judicata bars re-litigation not only of matters determined in a previous litigation but also ones a party could have raised."); *Friendship Edison Pub. Charter Sch.*, 562 F. Supp. 2d at 148 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) ("Under the doctrine of *res judicata*, or claim preclusion, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'").

The court appreciates Plaintiffs' concern that "waiting until the entire case has been completed is a serious financial hardship on Plaintiffs and their counsel." Plaintiffs' Reply at 4. However, the undersigned observes that a majority of the fees requested in this matter were incurred during the pendency of the prior action, prior to January 17, 2012, the date the court issued a Report and Recommendation in that matter. Indeed, some of the fees billed in the instant action were incurred prior to February 15, 2011, the date Plaintiffs filed their complaint in Civil Action No. 11-380, and prior to October 2, 2011, the date the parties commenced dispositive motions briefing in that matter. Plaintiffs have not articulated any reason that they did not request the fees at issue in this matter, or any reason that they did not seek leave to amend their request, in the previous action, to include the fees at issue here. Other than averring that it is "reasonable and permissible" for Plaintiffs to commence separate actions based on their counsel's separate invoices, *see* Plaintiffs' Reply at 4, Plaintiffs have not addressed why their instant claim for fees was not, or could not have been, raised in their previous action.[4] Nor have

---

[4] While the undersigned does not question Plaintiffs' contention that "there is no overlap of any type in the invoices," *see* Plaintiffs' Reply at 3, the undersigned notes that this court has expressed its concern regarding requests for fees related to the same underlying hearing officer determination that are brought under different civil actions. *See, e.g.*, *Hawkins v. Potomac Lighthouse Pub. Charter Sch.*, No. 12-0264, 2014 WL 185948, at *1 (D.D.C. Jan. 17, 2014) (noting that the court initially denied the parties' motions without prejudice, and required the plaintiff's counsel to file a declaration explaining his request, in a different case, for fees "arising from the same

Plaintiffs provided any authority for their position that res judicata does not apply under the circumstances presented.

Accordingly, the undersigned concludes that this action is precluded by the final judgment in Civil Action No. 11-380.

### *Statute of Limitations*

Even if this action were not precluded by Plaintiffs' previous action for fees, the undersigned finds that it is untimely.  The IDEA provides for an award of reasonable attorneys' fees for the prevailing party in an "action or proceeding brought under" the statute, but it does not stipulate the timeframe in which such a request for fees must be commenced.  *See* 20 U.S.C. § 1415(i)(3); *see also Kaseman v. Dist. of Columbia*, 444 F.3d 637, 641 (D.C. Cir. 2006) ("Since this [cause of action for the recovery of attorneys' fees by parties prevailing in IDEA proceedings] is a creature of case law, the text of the IDEA does not specify an applicable statute of limitations.").  Judges of this court have thus applied the three-year statute of limitations codified at D.C. Code § 12–301(8), in recognition of the principle that "'[w]hen Congress has not established a statute of limitations for a federal cause of action, it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies.'"  *Sykes v. Dist. of Columbia*, 870 F. Supp. 2d 86, 89 (D.D.C. 2012) (quoting *Spiegler v. Dist. of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)); *see also* D.C. Code § 12-301(8) ("Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the

---

administrative proceeding").  The concern is heightened when, as here, the party requesting fees does not disclose the related case to the court.

expiration of the period specified below from the time the right to maintain the action accrues: . . . for which a limitation is not otherwise specially prescribed – 3 years[.]"); *Davidson v. Dist. of Columbia*, 736 F. Supp. 2d 115, 122-23 (D.D.C. 2010) (footnote omitted) (citations omitted) (collecting cases) ("The IDEA does not contain a statute of limitations provision for claims brought under its fee shifting provisions . . . . As a result, many courts in this district have applied the three-year statute of limitations set forth in D.C. Code § 12–301(8) to IDEA fee claims.").[5]

Plaintiffs do not dispute Defendant's contention that the court should apply a three-year statute of limitations. *See* Plaintiffs' Reply at 1-2. Rather, the parties dispute when the statute of limitations began to run in this matter. Defendant contends that "[t]he three-year timeframe starts with the issuance of the Hearing Officer's Determination." Defendant's Memorandum at 5. Plaintiffs counter that "the statute of limitations should be keyed to the date the services were rendered as would be done with the collection of any bill by a creditor." Plaintiffs' Reply at 3.

As Defendant notes, *see* Defendant's Reply at 5, some members of this court have calculated the three-year period from the date the HOD was issued. *See Sykes*, 870 F. Supp. 2d at 91 (finding an action for fees and costs under the IDEA timely after determining that it was commenced "within the three year period" from the date the HOD was "issued"); *Davidson*, 736

---

[5] Decisions from this court applying the three-year statute of limitations have recognized that courts are split on the issue of the applicable statute of limitations for attorneys' fees actions brought pursuant to the IDEA. *See, e.g.*, *Wilson v. Dist. of Columbia*, 269 F.R.D. 8, 16-17 (D.D.C. 2010) (collecting cases) ("Courts that find an action for attorneys' fees independent from the underlying IDEA administrative proceedings assign a longer statute of limitations period, often periods spanning several years, whereas courts finding an action for attorneys' fees ancillary to the underlying IDEA administrative proceedings assign shorter statute of limitations periods comparable to a period applied to judicial review of the administrative proceeding itself."); *Armstrong v. Vance*, 328 F. Supp. 2d 50, 56 n.2 (D.D.C. 2004) (citations omitted) ("The Court recognizes that a split exists with respect to the appropriate limitations period for attorneys' fee actions under the IDEA. At least two circuits and several district courts have concluded that fee petitions are ancillary to the substantive administrative review process and that the applicable period therefore is the state law limitations period provided for judicial review of administrative decisions.").

F. Supp. 2d at 124 (concluding that the plaintiff's claim for attorneys' fees pursuant to the IDEA was "not time-barred" after noting that the HOD "underlying" the claim for fees was "issued on August 18, 2006" and "[t]he complaint was filed on July 10, 2009, less than three years later"); *Wilson v. Dist. of Columbia*, 269 F.R.D. 8, 20 (D.D.C. 2010) (noting that the HOD "was issued on November 28, 2006," and that "[t]he plaintiff's complaint in this action was filed with the Court on November 27, 2009, one day within the three-year statute of limitations period"); *Brown v. Barbara Jordan Pub. Charter Sch.*, 495 F. Supp. 2d 1, 2 (D.D.C. 2007) ("[A]s the Hearing Officer's determination was issued October 21, 2004, and plaintiffs filed suit on August 18, 2006, their claims for attorneys' fees are timely.").

Other members of this court have calculated the period from the date the plaintiff was on notice that the District was contesting the requested fees. *See Armstrong v. Vance*, 328 F. Supp. 2d 50, 53 (D.D.C. 2004); *Akinseye v. Dist. of Columbia*, 193 F. Supp. 2d 134, 145 (D.D.C. 2002), *rev'd on other grounds*, 339 F.3d 970 (D.C. Cir. 2003). The undersigned finds, however, that the circumstances presented in those cases are distinguishable from the present circumstances. In *Armstrong*, the parties were in agreement "that for each claim the limitations period for attorneys' fees began to run on the date that plaintiffs received the partial payments from DCPS . . . ." 328 F. Supp. 2d at 53. The court's consideration was thus limited to whether it should apply a thirty-day period or a three-year period, and it determined that the plaintiffs' claims for attorneys' fees were "timely because plaintiffs filed their complaint within three years of receipt of the initial partial payments by defendants." *Id.* at 53-54. In *Akinseye*, the plaintiffs' claims were for interest on "alleged late payments of their attorneys' fees that were voluntarily paid by the District of Columbia." 193 F. Supp. 2d at 135. The court thus "conclude[d] that

plaintiffs' causes of action did not accrue until they actually received the payments and at that time realized that interest had not been included." *Id.* at 145.

The undersigned concurs in the more recent decisions from this court calculating the three-year period from the date the hearing officer issued a determination, where the plaintiff's request is for an award of fees that were incurred while pursuing claims adjudicated by the hearing officer at the administrative level.  While counsel may necessarily undertake work after the hearing officer issues a determination, the longer statute of limitations period – three years, as opposed to a period of months – permits recovery of those fees.  Plaintiffs aver that "[t]here is no basis for keying the statute of limitations for specific attorney's fees and costs to the date of the HOD," *see* Plaintiffs' Reply at 2-3; however, this Circuit has observed that while "[a] fee request is . . . not a direct appeal of a decision made by the agency at the administrative hearing . . . the parent's entitlement to fees arises out of the same controversy and depends entirely on the administrative hearing for its existence." *Kaseman*, 444 F.3d at 642.  Plaintiffs offer no persuasive authority in support of their argument that the court should calculate the statute of limitations period from the last date their counsel rendered services, and instead, analogize the present matter to actions against a debtor for payment owed. *See* Plaintiffs' Reply at 2.  In so arguing, Plaintiffs fail to acknowledge that the court has not yet granted the award of attorneys' fees requested in this matter. *See* 20 U.S.C. § 1415(i)(3)(B)(i) ("[T]he court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . .").

The hearing officer issued the determination which is the basis of Plaintiffs' present claim to fees on July 17, 2010. *See* Motion, Exhibit 1 at 1; *see also* Complaint ¶ 8 ("The outstanding amount of attorney's fees and costs still owed to Plaintiffs by Defendant for the attorney fees

incurred by Plaintiff as set forth on the invoice referenced in paragraph 5 (above) concerning the July 2010 administrative hearing is $9,020.98."). Plaintiffs filed their complaint initiating this matter more than three years later, on October 9, 2013. Therefore, the court concludes that this action is untimely.

**CONCLUSION**

On the basis of the foregoing findings, it is, this 7th day of August, 2014,

**RECOMMENDED** that Plaintiffs' Motion for Summary Judgment (Document No. 12) be **DENIED**; and it is

**FURTHER RECOMMENDED** that Defendant's Cross-Motion for Summary Judgment (Document No. 14) be **GRANTED** with respect to Defendant's contentions that this action is barred by the doctrine of res judicata and the applicable statute of limitations, and **DENIED AS MOOT** in all other respects.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

**Within fourteen days, either side may file written objections to this report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.**